```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS



                                    )
  UNITED STATES OF AMERICA,          )
                                     )
          Plaintiff,                 )
                                     )   Criminal Action
  v.                                 )   Nos.  1:19-mj-06087-MPK-4
                                     )         1:19-mj-06087-MPK-5
  DIANE BLAKE, TODD BLAKE,           )         1:19-mj-06087-MPK-22
  MARJORIE KLAPPER, MARCI            )         1:19-mj-06087-MPK-26
  PALATELLA, and ROBERT ZANGRILLO,   )         1:19-mj-06087-MPK-32
                                     )
          Defendants.                )
                                     )


              BEFORE THE HONORABLE M. PAGE KELLEY
                 UNITED STATES MAGISTRATE JUDGE


                        INITIAL APPEARANCE


                        March 29, 2019
                          3:59 p.m.


           John J. Moakley United States Courthouse
                       Courtroom No. 1
                       One Courthouse Way
                  Boston, Massachusetts 02210




                     Linda Walsh, RPR, CRR
                    Official Court Reporter
              John J. Moakley United States Courthouse
                  One Courthouse Way, Room 5205
                    Boston, Massachusetts 02210
                     lwalshsteno@gmail.com
```

```
APPEARANCES:

On Behalf of the Government:

     UNITED STATES ATTORNEY'S OFFICE
     By: AUSA Justin D. O'Connell
         AUSA Leslie Wright
         AUSA Eric S. Rosen
     One Courthouse Way
     Boston, Massachusetts 02210

On Behalf of the Defendants Diane Blake and Todd Blake:

     TODD & WELD
     By: David E. Meier, Esq.
     One Federal Street, 27th Floor
     Boston, Massachusetts 02110
     617-720-2626
     dmeier@toddweld.com

     DUANE MORRIS LLP
     By: Stephen H. Sutro, Esq.
     Spear Tower
     One Market Plaza, Suite 2200
     San Francisco, California 94105-1127
     415-957-3000
     SHSutro@duanemorris.com

On Behalf of the Defendant Marjorie Klapper:

     THE LAW OFFICE OF JONATHAN D. MCDOUGALL
     By: Jonathan M. McDougall, Esq.
     1640 Laurel Street
     San Carlos, California 94070
     650-594-4200
     jmcdougall.law@gmail.com

     GELB & GELB, LLP
     By: Daniel K. Gelb, Esq.
     900 Cummings Center
     Beverly, Massachusetts 01915
     617-345-0010
     dgelb@gelbgelb.com
```

```
 1   APPEARANCES (Continued):

 2   On Behalf of the Defendant Marci Palatella:

 3       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
         By: Jack P. DiCanio, Esq.
 4       525 University Avenue
         Palo Alto, California 94301
 5       650-470-4500
         jack.dicanio@skadden.com
 6
     On Behalf of the Defendant Robert Zangrillo:
 7
         MARTIN G. WEINBERG, PC
 8       By: Martin G. Weinberg, Esq.
         20 Park Plaza, Suite 1000
 9       Boston, Massachusetts 02116
         617-227-3700
10       owlmcb@att.net

11       FOLEY HOAG LLP
         By: Nicholas C. Theodorou, Esq.
12       155 Seaport Boulevard
         Seaport World Trade Center West
13       Boston, Massachusetts 02210
         617-832-1163
14       ntheodorou@foleyhoag.com

15       BOIES SCHILLER FLEXNER
         By: Matthew L. Schwartz, Esq.
16       55 Hudson Yards, 20th Floor
         New York, New York 10001
17       212-303-3646

18

19            Proceedings reported and produced
                by computer-aided stenography
20

21

22

23

24

25
```

P R O C E E D I N G S

THE CLERK: Today is Friday, March 29th, 2019, and we are on the record in Magistrate Case Number 19-6087, the United States of America versus Diane Blake, Todd Blake, and Marjorie Klapper.

Would counsel please identify themselves for the record.

MR. O'CONNELL: Good afternoon, Your Honor. Justin O'Connell for the Government.

MS. WRIGHT: Leslie Wright for the Government, Your Honor.

MR. ROSEN: Eric Rosen for the Government. I would like to note from the previous hearing, I did file the order on the docket in slightly redacted form, but it is on there.

THE COURT: Okay. Thank you very much.

MR. MEIER: Good afternoon, Your Honor. My name is David Meier on behalf of Diane and Todd Blake.

THE COURT: Hi.

MR. SUTRO: Good afternoon, Your Honor. Steve Sutro on behalf of Todd and Diane Blake.

THE COURT: Okay.

MR. McDOUGALL: Jonathan McDougall on behalf of Marjorie Klapper. Also, Dan Gelb on behalf of Ms. Klapper.

THE COURT: Okay. Good afternoon, Ms. Klapper.

All right, and I think we have two other people who

1  are waiting to come up after this group.
2           Mr. Weinberg, hi.
3           MR. WEINBERG:  Yes, Your Honor.
4           THE COURT:  Okay.  So I'm just going to ask the two
5  people who are waiting to come up to also listen to me
6  carefully now because this is your initial appearance in
7  Federal Court, and I may not have to repeat everything numerous
8  times if you'll just listen to what I have to say because a lot
9  of it is exactly the same for each person.
10          So, first of all, I'm required to tell everyone at
11 their initial appearance that you have the right to remain
12 silent.  Anything you say can be used against you.  If you
13 decide to answer questions or make a statement, you can stop
14 talking at any time if you change your mind.  And you also have
15 the right to have an attorney present with you while you answer
16 questions or make a statement.
17          So first, Ms. Klapper, do you understand your right to
18 remain silent?
19          DEFENDANT KLAPPER:  Yes.
20          THE COURT:  And, Ms. Blake, do you understand?
21          DEFENDANT DIANE BLAKE:  Yes.
22          THE COURT:  And, Mr. Blake, do you understand your
23 right?
24          DEFENDANT TODD BLAKE:  Yes.
25          THE COURT:  Okay.  So you also have the right to have

1  a preliminary hearing in this matter at which the Government
2  would have to show that there's -- prove that there's probable
3  cause to believe that you committed the charged crimes.
4              And, Ms. Klapper, what's your wish about your
5  preliminary hearing?
6              MR. McDOUGALL:  Your Honor, Mrs. Klapper is going to
7  waive the preliminary hearing, and we have executed the waiver
8  provided by the Court.
9              THE COURT:  Okay.  And, Ms. Klapper, you understand
10 you have the right to that hearing, but you don't want to have
11 it?
12             DEFENDANT KLAPPER:  Yes.
13             THE COURT:  Okay.  So I'm going to find that your
14 waiver is knowing and voluntary.
15             And, Ms. Blake, you understand you have the right to
16 that hearing?
17             DEFENDANT DIANE BLAKE:  Yes, Your Honor.
18             MR. MEIER:  Yes, Your Honor.  On behalf of both Diane
19 and Todd Blake, Mr. Sutro and I have spoken about that with
20 both of them, and we are prepared to sign waivers.
21             THE COURT:  Okay.  And so, Ms. Blake said yes, and
22 I'll find that her waiver is knowing and voluntary.
23             And how about you, Mr. Blake?
24             DEFENDANT TODD BLAKE:  Yes.
25             THE COURT:  So I'm go to ask the Government to state

```
 1   the maximum penalties and the charges.
 2           MS. WRIGHT:  Yes, Your Honor.  The Defendants are
 3   charged with one count of conspiracy to commit mail fraud and
 4   honest services mail fraud in violation of Title 18 United
 5   States Code Section 1349.
 6           The maximum penalties for that offense are up to 20
 7   years of imprisonment followed by three years of supervised
 8   release; a fine of $250,000 or twice the gross gain or loss
 9   from the offense, whichever is greater; forfeiture and
10   restitution, if applicable; and upon conviction, a mandatory
11   special assessment in the amount of $100.
12           THE COURT:  Okay.  So, Ms. Klapper, have you been over
13   the charges with your lawyers so that you understand what it is
14   that you're charged with?
15           DEFENDANT KLAPPER:  Yes.
16           THE COURT:  And, Ms. Blake?
17           DEFENDANT DIANE BLAKE:  Yes, Your Honor.
18           THE COURT:  And, Mr. Blake?
19           DEFENDANT TODD BLAKE:  Yes.
20           THE COURT:  Okay.  So I'm going to take up the issue
21   of Ms. Klapper's conditions of release first, and I'll just ask
22   everyone to listen carefully to what I say to her because the
23   same thing will apply to everyone else unless we change things
24   when it's your turn to have your conditions imposed.  So I'm
25   just going to continue the bond that was already set, if
```

1  there's any -- if there's no objection to that?

2          MR. O'CONNELL:  None from the Government.

3          THE COURT:  Okay.  All right.  You don't have to do
4  anything.  That will just be transferred here.

5          MR. McDOUGALL:  Your Honor, just as was done
6  previously with some of the other Defendants, I would ask to
7  exclude the no contact provision with her own children.
8  Obviously, if there's any discussions regarding the case, then
9  counsel will be present.

10         THE COURT:  Okay.  All right.  I'll do that.  So I'm
11 going to go over what's called the standard conditions, and
12 then we'll get into those particular conditions, okay?

13         So, first of all, Ms. Klapper, you can't violate any
14 Federal, State or local law while you're on release, and that
15 includes possessing or using marijuana because that is still a
16 Federal crime.  You must cooperate in the collection of a DNA
17 sample if it's authorized by law.

18         You must tell Pretrial Services before you change your
19 residence or your phone number.  You have to come to court when
20 you're required to come to court, and if you are convicted and
21 sentenced and you self-report somewhere, you'll have to
22 surrender to serve your sentence.  So you'll submit to
23 supervision by Pretrial Services as directed.  You will
24 surrender any passport.  Has that been done?

25         MR. McDOUGALL:  Yes, Your Honor.  It was done at the

```
 1   time of her arrest.
 2            THE COURT:  Okay.  So don't get any new passport or
 3   travel documents while the case is pending.  Your travel is
 4   restricted to the United States.  Travel away from home is
 5   permitted, but you'll need to talk to Pretrial Services about
 6   what advance notice they want for that.
 7            You will avoid all direct or indirect contact with any
 8   person who is or may be a victim or witness in the
 9   investigation including co-defendants, excluding your children.
10   And with regard to your children, you cannot -- just don't
11   discuss the case unless you're in the presence of counsel, and
12   you can also meet with any of those other people in the
13   presence of counsel.
14            So, just to be clear, your counsel can talk to
15   whomever they wish.  And this is no restriction on your ability
16   to investigate your case or talk to anyone, but you -- the
17   charged person has these restrictions that will be listed in
18   the conditions.
19            So you must not possess a firearm, destructive device
20   or other weapon, and you will report any contact with law
21   enforcement to Pretrial Services, even if you just get pulled
22   over, any contact at all, within 24 hours report to Pretrial
23   Services.
24            Okay.  Anything else about the conditions?
25            (No response.)
```

```
 1              THE COURT:  All right.  Now I'm going to give you some
 2    warnings that I'm required to give you, and I'll just again ask
 3    everyone to pay careful attention because these will apply to
 4    everyone.
 5              So, if you violate your pretrial conditions, it could
 6    result in my issuing a warrant for your arrest, revoking your
 7    release, and ordering that you be detained until the case is
 8    over.  Also, you could be prosecuted for contempt of court
 9    because the conditions have the force of a court order.  If you
10    fail to appear in court as required, that is a crime, and any
11    time you might get for that would be on and after any time you
12    might get in the underlying case.
13              Also, if you commit a new crime, a Federal, State or
14    local offense, while on release, that is a crime, the crime of
15    committing a crime while on release, and any time you get for
16    that would have to be on and after any time you might get in
17    this case.
18              And, finally, it is a felony under Federal law to
19    intimidate or attempt to intimidate a witness, victim,
20    informant or cooperating witness, to obstruct any criminal
21    investigation, to tamper with the witness, victim or informant,
22    or retaliate against a witness, victim or informant.
23              So any issues about those, Counsel?
24              MR. McDOUGALL:  No, Your Honor.
25              THE COURT:  Okay.
```

```
 1              MR. O'CONNELL:  No, Your Honor.
 2              THE COURT:  Okay.  So what I'm going to do now is I'm
 3   going to talk to the Blakes.  And if you will just stay here,
 4   Ms. Klapper, and after I'm done talking, we'll give you a
 5   written copy of the conditions.  And I'll stay here for a
 6   minute, and we'll just take a short break.  You can look them
 7   over.  If you want to bring something up to me, that's the time
 8   to do it, although your lawyer can always raise issues about
 9   your conditions if they want to later.  And then when everyone
10   is fine with the conditions, you'll sign them, give them back
11   to us, and then go down to Probation, meet with Probation and
12   then you can go.  And we would also like to collect the signed
13   waiver forms, too.  Okay.
14              So, Mr. and Mrs. Blake -- first Diane Blake.
15              So, with regard to not possessing a firearm, by the
16   way, I know some people have firearms, and what I mean is that
17   the firearm cannot be in your house because if Pretrial
18   Services is coming to visit you at some time, we don't want a
19   firearm to be in the house.  So if you can just make sure the
20   firearms are removed from your house and give Pretrial some
21   verification that you've done that, where they are, that would
22   be fine.  Okay.
23              Okay.  So, Mrs. Blake, I think you have exactly the
24   same conditions, and do you have any questions about those?
25              Anything from the Government?
```

1  DEFENDANT DIANE BLAKE: No, Your Honor.
2  MR. O'CONNELL: Not from the Government.
3  THE COURT: I think we do not have the bond from
4  California, but we will just transfer it into this case, so you
5  don't need to do anything about that.
6  And the same is true for you, Mr. Blake, and your
7  bond. And you have the same conditions and the same warnings.
8  So does anyone have any questions about that?
9  DEFENDANT TODD BLAKE: No.
10  MR. O'CONNELL: No, Your Honor.
11  THE COURT: Mr. Meier?
12  MR. MEIER: No.
13  THE COURT: All right. So I think now we'll just
14  print out the conditions, have you sign them, and then do as I
15  said. Okay.
16  (Pause.)
17  MR. McDOUGALL: Your Honor, if I could address, the
18  original bond that was issued in the Northern District of
19  California appeared to have neglected to check off the
20  "Unsecured" box. It was unsecured. It has been. I would just
21  ask the Court moving forward that that be reflected accurately.
22  THE COURT: Yes, it can be.
23  MR. McDOUGALL: Thank you.
24  THE COURT: You're welcome.
25  Okay. Once you hand those things in, you're welcome

```
 1  to leave, if you want to.
 2          (Pause.)
 3          THE CLERK:  Defendants Marci Palatella and Robert
 4  Zangrillo.
 5          (Counsel and Defendants approach counsel tables.)
 6          THE CLERK:  Will counsel please identify themselves
 7  for the record.
 8          MR. WEINBERG:  Martin Weinberg, along with Nick
 9  Theodorou, and we introduce Matthew Schwartz to the Court.  We
10  represent Robert Zangrillo, who sits to my right.
11          DEFENDANT ZANGRILLO:  Good afternoon, Your Honor.
12          MR. SCHWARTZ:  Good afternoon.
13          MR. THEODOROU:  Good afternoon.
14          MR. MEIER:  Good afternoon, Your Honor.  Jack DiCanio
15  and Michael Loucks from Skadden Arps.  Present with us today is
16  Marci Palatella.
17          THE COURT:  Good afternoon.
18          And the Government is the same, okay.
19          So you see the waiver form, Mr. Loucks?
20          MR. LOUCKS:  Yes, Your Honor.  We're executing it now.
21          DEFENDANT ZANGRILLO:  Thank you, Your Honor.
22          THE COURT:  All right.  So, Mr. Zangrillo, do you
23  understand your right to remain silent?
24          DEFENDANT ZANGRILLO:  Yes, I do.
25          THE COURT:  And you heard the Government state the
```

```
 1   charges and the maximum possible penalties?
 2           DEFENDANT ZANGRILLO:  I understand.
 3           THE COURT:  And did you go over the charges with your
 4   lawyer so that you understand what it is you're charged with?
 5           DEFENDANT ZANGRILLO:  Yes, I did, Your Honor.
 6           THE COURT:  And you know you have the right to a
 7   preliminary hearing, and what would you like to do with regard
 8   to that hearing?
 9           DEFENDANT ZANGRILLO:  I would like to waive that, Your
10   Honor.
11           THE COURT:  Okay.  So I'll find that your waiver is
12   knowing and voluntary.
13           And so, Ms. Palatella, do you understand your right to
14   remain silent?
15           DEFENDANT PALATELLA:  Yes, I do.
16           THE COURT:  And you understand the charges against you
17   after conferring with your lawyers?
18           DEFENDANT PALATELLA:  Yes, I do.
19           THE COURT:  And you heard the Government state the
20   charges and the maximum penalties?
21           DEFENDANT PALATELLA:  Yes.
22           THE COURT:  And what is your -- what are your wishes
23   with regard to your preliminary hearing?
24           DEFENDANT PALATELLA:  To waive it.
25           THE COURT:  Okay.  So I'm going to find that your
```

1  waiver is knowing and voluntary.
2          So with regard to Mr. Zangrillo's release conditions,
3  it looks like they are the same, and I think there was a
4  condition imposed concerning not encumbering real property, et
5  cetera, and I will hear you on that, Mr. Weinberg.
6          MR. WEINBERG:  I believe it's unnecessary, Your Honor,
7  in this case.  It's not a forfeiture or some huge restitution
8  case.  Mr. Zangrillo has significant assets independent of his
9  business interests.  He's not going to dissipate them in fear
10 of a forfeiture that, you know, would be at maximum, if the
11 Government succeeds in convicting him -- and of course we are
12 going to strongly contest their case -- at maximum would be in
13 the nature of $200,000 or $250,000.  So I'd ask Your Honor to
14 not impose that condition.  I think it's a condition that was
15 not imposed on most of the other Defendants.  It's probably
16 more of a Southern District of Florida condition.  I don't know
17 whether the Government --
18         MR. O'CONNELL:  We have no objection, Your Honor.
19         MR. WEINBERG:  Thank you.
20         THE COURT:  Okay.  So I'll remove that condition, and
21 that will not be on your conditions anymore.
22         So, Mr. Zangrillo -- and incidentally, I noted that
23 Document 219 on the docket to withdraw the motion is allowed.
24         MR. WEINBERG:  Thank you, Your Honor.
25         THE COURT:  Sure.

1          MR. WEINBERG:  We had intended -- just so I understand
2     what the procedure would be, because he does have business
3     interests that are international, he's made investments, and
4     other investors rely on him, so I will be in the future seeking
5     international travel but only when it's of significance and
6     importance to him.
7          I was reminded, too, that his passport is in Miami,
8     and he lives in Miami, so I'm wondering if the Court would
9     allow the passport to remain in my Miami so that if I make a
10    motion and Your Honor allows it and Pretrial has no objection,
11    he could go to my Miami, get his passport, travel, bring it
12    back to my Miami, and go about his life rather than having to
13    come to Boston to get the passport.
14         THE COURT:  Okay.  So if you do need to travel for
15    business purposes, file a motion --
16         MR. WEINBERG:  Thank you.
17         THE COURT:  -- just as you've said.  Okay.  So any
18    comments about the conditions, Ms. Walls?
19         U.S. PROBATION:  No, Your Honor.
20         MR. O'CONNELL:  No, Your Honor.
21         MR. WEINBERG:  Just one thing, Your Honor, the Miami
22    conditions allowed the nationwide travel for business.  I would
23    ask, like others, that he be able to travel for personal as
24    well as business purposes.  He's got elderly parents.
25         THE COURT:  Within the United States?

```
 1                MR. WEINBERG:  Within the United States.
 2                THE COURT:  Yes.
 3                MR. WEINBERG:  And then international, only with the
 4     leave of the Court and only for business purposes.
 5                THE COURT:  So what the conditions are going to say is
 6     that travel is restricted to the United States, and you can
 7     travel away from your home with advanced notice as your
 8     pretrial services officer requires.  If it turns out they're
 9     asking for really onerous notice, then you can take it up with
10     your lawyer and come back to the court.  But I'm just going to
11     give them the option of how to deal with that rather than
12     setting all these detailed conditions about that.  And I'm not
13     going to say anything about international travel, but if you
14     want to travel internationally, file a motion.
15                MR. WEINBERG:  Thank you very much, Your Honor.
16                THE COURT:  Okay.  So, Mr. Zangrillo, you heard me
17     give the warnings and what happens if you violate your
18     conditions, et cetera, before?
19                DEFENDANT ZANGRILLO:  Yes, I did, Your Honor.
20                THE COURT:  Any questions about that?
21                DEFENDANT ZANGRILLO:  No, Your Honor.
22                THE COURT:  Okay.  All right.
23                So, Ms. Palatella, so you have the same conditions.
24     Did you hear me read them before?
25                DEFENDANT PALATELLA:  Yes, I did.
```

1        THE COURT:  Okay.  And what I'm going to do now is
2   give both of you your conditions in writing and give you a few
3   minutes to look them over and see if you have any questions
4   about it, okay?
5        And, Ms. Palatella, did you hear me give the warnings
6   about not to violate any other laws, et cetera?
7        DEFENDANT PALATELLA:  Yes, I did.
8        THE COURT:  And you understand that?
9        DEFENDANT PALATELLA:  Yes, I do.
10       THE COURT:  Okay.  All right.  So anything else from
11  anyone before we give them their conditions?
12       MR. O'CONNELL:  Nothing from the Government, Your
13  Honor.
14       MR. WEINBERG:  Nothing from the Defendant either.
15       THE COURT:  All right.  So we'll just take a brief
16  moment now to do that, and then you'll go down to Probation and
17  then you can go.
18       (Pause.)
19       THE COURT:  We'll go back on the record.
20       THE CLERK:  Everyone, we are going back on the record.
21  There's a question.
22       MR. WEINBERG:  Judge, on the no contact, can we add to
23  the exception of family members people with whom Mr. Zangrillo
24  does business with that doesn't include the co-defendants?  I
25  just want to make sure that he's not communicating with anyone

```
 1   who the Government might believe is a witness in some future
 2   case.
 3             MR. ROSEN:  The only witnesses I think Mr. Zangrillo
 4   would be in contact with are his children.  So, you know, as
 5   long as they don't discuss the case, we obviously have no
 6   opposition to communications.
 7             THE COURT:  Okay.  There's your answer.
 8             MR. WEINBERG:  Acceptable.  Thank you.
 9             MR. ROSEN:  And Mr. Flaxman as well who is -- I don't
10   know if he's a current business partner, but they have done
11   business in the past together.
12             MR. WEINBERG:  There will be no communication with any
13   co-defendant except in the presence of counsel, Your Honor.
14             MR. ROSEN:  Okay.
15             THE COURT:  Okay.  Great.  All right.  Thank you.
16             MR. ROSEN:  Thank you.
17             THE CLERK:  Court is in recess.
18             (Adjourned, 4:25 p.m.)
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, Linda Walsh, Registered Professional Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter to the best of my skill and ability.

Dated this 1st day of April, 2019.


/s/ Linda Walsh_____

Linda Walsh, RPR, CRR

Official Court Reporter