UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                                          )<br>)<br>DIANE BLAKE AND                           )<br>TODD BLAKE,                                    )<br>)<br>)<br>        DEFENDANTS.                         )<br>                                                          ) | No. 19-cr-10080-NMG (5) and (6) |

### DIANE BLAKE'S AND TODD BLAKE'S MEMORANDUM IN SUPPORT OF AGREED-UPON SENTENCING RECOMMENDATIONS

### INTRODUCTION

Defendants Diane Blake and Todd Blake, having accepted responsibility and pleaded guilty, respectfully submit this memorandum in advance of their sentencing hearings on November 17, 2020.

Given the facts and circumstances of this case, the nature of these charges, the background of the defendants, the written plea agreements between the government and the Blakes pursuant to Rule 11(c)(1)(C), and the proportionality to sentences previously imposed on other similarly situated defendant-parents in this and related cases, the proposed agreed-upon sentences here are fair and reasonable and will ensure that the punishment of Diane Blake and Todd Blake for their criminal conduct is "sufficient, but not greater than necessary" to achieve the goals of sentencing as required by 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 245 (2005); *United States v. Williams*, 435 F.3d 1350, 1353-1356 (11th Cir. 2006).

On July 14, 2020, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Blakes accepted responsibility for their actions and pleaded guilty to certain agreed-upon offenses in order to resolve the charges pending against them arising out of the "Varsity Blues" college admissions prosecution. Diane Blake pleaded guilty to Count One of the Fourth Superseding Indictment, charging her with conspiracy to commit wire and mail fraud and honest services wire and mail fraud. Todd Blake pleaded guilty to Count One of the Fourth Superseding Indictment, charging him with conspiracy to commit wire and mail fraud and honest services wire and mail fraud, and Count Three of the Fourth Superseding Indictment, charging him with conspiracy to commit money laundering. Upon sentencing, the government has agreed to dismiss the remaining counts of the Fourth Superseding Indictment against the Blakes.

As the Court (Gorton, J.) outlined during each of the Rule 11 hearings -- and as reflected in the written plea agreements pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) -- the government and the Blakes have jointly agreed to recommend that the Court impose the following sentences:

**Diane Blake**: Six (6) weeks incarceration, a fine of $125,000.00, two years of supervised release, and 100 hours of community service.

**Todd Blake**: Four (4) months incarceration, a fine of $125,000.00, two years of supervised release, and 100 hours of community service.

The agreed-upon sentences fall squarely within the advisory guidelines sentencing range for each of the Blakes and are proportional to other sentences imposed in this and related cases.

**RELEVANTS FACTS AND CIRCUMSTANCES SURROUNDING THE CHARGES**

As reflected by their responses and interactions with the Court at the Rule 11 hearing, the Blakes recognize and appreciate the seriousness and the wrongfulness of their conduct. They accept responsibility for that conduct, and the ensuing loss of employment, shame, disgrace, and unwanted media attention that they have brought upon themselves.

At their Rule 11 hearing, the Blakes admitted that they agreed with William "Rick" Singer to facilitate their daughter's admission to the University of Southern California ("USC") in 2017 using one of the admissions spots allotted to the USC Women's Volleyball team, even though their daughter, a high school volleyball athlete, was not being recruited to play volleyball at USC. The Blakes agreed with Singer to make payments totaling $250,000 styled as donations to a USC athletic fund and Singer's charitable foundation, the Key Worldwide Foundation. Pursuant to this agreement, the Blakes issued a check in the amount of $50,000 payable to USC Women's Athletics in September 2017, and in February 2018, sent a $200,000 wire to the Key Worldwide Foundation.

Although the Blakes understood that, as part of the admissions process, an athletic profile of their daughter would be submitted to a USC admissions committee, the government neither alleged nor is there any evidence that the Blakes ever viewed the athletic profile or ever knew that Singer had falsified it in any way. The Blakes did not inform their daughter of their arrangement with Singer and she was wholly unaware of the process by which she was admitted to USC. Following the indictments in this case, USC conducted an extensive investigation into the Blakes' daughter's admission process. USC concluded that the Blakes' daughter had no knowledge of her parents' conduct and she remains a student in good standing.

## ADVISORY GUIDELINES SENTENCING RANGE

As set forth in their respective Presentence Investigation Reports, the applicable offense conduct generates a Base Offense Level of 7 with respect to Diane Blake and a Base Offense Level of 8 with respect to Todd Blake, which levels are further adjusted to 5 and 6, respectively, based upon the Blakes' acceptance of responsibility. The Total Offense Level for Diane Blake is 5. The Total Offense Level for Todd Blake is 6. Both Diane Blake and Todd Blake have a criminal history score of zero (0). Accordingly, the advisory guidelines sentencing range for both Diane Blake and Todd Blake is 0-6 months imprisonment.

## **GENERAL SENTENCING CONSIDERATIONS**

Congress has directed sentencing courts to "impose a sentence sufficient, but not greater than necessary":

(a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;"

(b) "to afford adequate deterrence to criminal conduct;"

(c) "to protect the public from further crimes of the defendant;" and

(d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner …"

18 U.S.C. § 3553(a)(2).

The primary sentencing mandate of § 3553(a) is that courts should impose the minimally sufficient sentence to achieve the statutory purposes of the Court's sentencing function. To that end, the Court shall impose a sentence "sufficient, but not greater than necessary," to comply with these goals of achieving justice, deterrence, punishment, and rehabilitation set forth above in 18 U.S.C. § 3553(a). 18 U.S.C. § 3553(a)(2). *United States v. Jiminez-Beltre*, 440 F.3d 514, 525, n. 8 (1st Cir. 2006) (the parsimony provision "requires that sentences be only as long as necessary to serve the purposes listed in section 3553(a)(2)").

As the Court is aware, the following factors are to be considered in determining an appropriate sentence:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) the relative importance of the four considerations set forth above [(a) - (d)] in the particular case;

(3) the available sentencing options;

(4) the Guidelines sentencing range;

(5) any applicable policy statements of the Sentencing Commission;

4

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

## PERSONAL AND FAMILY BACKGROUND

Diane Blake and Todd Blake are decent, kind, and honorable people who have lived exemplary lives. They are exceptional parents who are devoted to their children, as well as their siblings and their elderly parents. They come from strong, close-knit families who raised them to appreciate the value of hard work, education, and genuine effort. They are compassionate and caring. They have big hearts and good souls, and have spent countless hours giving back to their communities and caring for friends and family in need. It was their devotion to their family, and specifically to their children, that led them to commit these crimes. The Blakes' actions -- and their actions alone -- turned their lives upside down. The fact that they have accepted responsibility and have pleaded guilty to these serious federal crimes in no way absolves them of the shame, the disgrace, and the remorse that will be with them for the rest of their lives.

Each of the letters submitted to the Court on behalf of the Blakes reflect those characteristics.[1] So too do the contents of the comprehensive and detailed Presentence Investigation Reports (dated November 10, 2020) compiled by the United States Probation Office.

## THE AGREED-UPON SENTENCES ARE APPROPRIATE AND SUFFICIENT

The Blakes respectfully submit that the agreed-upon sentences of six (6) weeks for Diane Blake and four (4) months for Todd Blake are "sufficient, but not greater than necessary" to

---

[1] With this memorandum, we are submitting several letters for the Court's consideration that speak to the Blakes' good character. We did not want to overwhelm the Court with dozens of letters given the nature of the plea and the agreed upon sentence, but provide them insofar as they are relevant for the Court to understand the aberrational nature of the conduct that gives rise to the government's case against them. The letters to the Court are attached hereto as Exhibit A, Tab Nos. 1 - 7.

satisfy the purposes of achieving justice, deterrence, punishment, and rehabilitation as set forth in 18 U.S.C. § 3553(a).

Sentences imposed on other defendant-parents in this and related cases have ranged from a period of probation[2] to nine (9) months of incarceration.[3]  In arriving at this general range of sentences, this and other Courts have weighed various factors, including (i) whether parents affirmatively sought out Singer, with knowledge of his schemes and the intent to participate in them; (ii) whether parents engaged in the test-taking scheme, the athletic recruitment scheme, or both; (iii) whether parents utilized Singer's unlawful services for more than one child; (iv) the amount of money that parents paid to Singer or others, including a college or university, as part of the scheme; and (v) whether parents involved their children in the scheme.

Diane Blake and Todd Blake committed serious federal crimes that impacted and undermined the college admissions process.  The Blakes have accepted responsibility and have pleaded guilty to those crimes.  They are now prepared to be sentenced and to serve their punishment.  In determining the appropriate sentences to be imposed and in evaluating their conduct in the context of the above factors and considerations, the Blakes respectfully submit that their conduct falls at the lower end of the culpability range of defendant-parents who have been sentenced in these cases.

Notably, the Blakes did not seek out Singer, but were referred to him by their trusted financial adviser, believing that Singer was a highly reputable college admissions counselor offering legitimate services.  The Blakes participated in the athletic recruitment scheme only, for one child (their daughter), and did not in any way involve her in the scheme.  Not only was their daughter a volleyball player throughout high school, by all accounts the Blakes did not provide

---

[2]  *See United States v. Peter Jan Sartorio*, 19-CR-10117-IT-9, at ECF No. 553.

[3]  *See United States v. Douglas Hodge*, 19-cr-10080-NMG-11, at ECF No. 868.

any false information for, and had no knowledge of, the false athletic profile that was presented to USC admissions on her behalf.

Accordingly, measured against the range of conduct and the corresponding sentences previously imposed upon parent-defendants in this and related cases, the agreed-upon sentences of six (6) weeks for Diane Blake and four (4) months for Todd Blake are "sufficient, but not greater than necessary" to satisfy the purposes of achieving justice, deterrence, punishment, and rehabilitation set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons set forth above, the Blakes respectfully request that the Court impose the agreed-upon sentences jointly recommended by the government and the defendants.

Respectfully submitted,

/s/ David E. Meier
David E. Meier (BBO #341710)
Christian G. Kiely (BBO #684308)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA  02110
(617) 720-2626
dmeier@toddweld.com
ckiely@toddweld.com

/s/ Stephen H. Sutro
Stephen H. Sutro, Esq.
Duane Morris, LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3008
Facsimile: (415) 276-9855
SHSutro@duanemorris.com

Dated:  November 12, 2020          *Counsel for Diane and Todd Blake*

## CERTIFICATE OF SERVICE

I, David E. Meier, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 12, 2020.

                                              /s/ David E. Meier
                                              David E. Meier